IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VINCENT ZURLA,

    Plaintiff,

v.

No. CIV-99-1272 LH/WWD

RON PERRY, SECRETARY OF CORRECTIONS,
LAWRENCE TAFOYA, WARDEN,
CORRECTIONAL OFFICER RAMIREZ, CAPTAIN,
CORRECTIONAL OFFICER LOPEZ, LIEUTENANT,
CORRECTIONAL OFFICER LUCERO, SERGEANT,
CORRECTIONAL OFFICER TWO K-9 DOGS,
SECURITY THREAT GROUP CORRECTIONAL
OFFICER GANNOWAY,
CORRECTIONAL OFFICER REESE,
CORRECTIONAL OFFICER HECTOR LAZOYA,
CORRECTIONAL OFFICER DIEGO BANEGAS,
UNKNOWN NAMED NEW MEXICO CORRECTIONAL OFFICERS,



    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that correctional officers, pursuant to institutional policy and at the direction of Defendant (Warden) Tafoya, confiscated certain personal property from Plaintiff's cell and from those of numerous other inmates. The confiscated items were "electrical appliance property" and were taken pursuant to an institutional policy that had been recently revised to prohibit possession of such property. According to Plaintiff, corrections department policies, which "supersede" institutional policies, allow possession of the property at issue. As a result, Plaintiff claims the property was taken without due process and in violation of the "takings" clause, the equal protection clause, and the cruel and unusual punishment clause.

Under a recent decision by the Court of Appeals for the Tenth Circuit, Plaintiff's allegations do not support a due process claim. In *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999), the court announced that the Supreme Court's ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), applies to allegations of property deprivations. In *Sandin* the Court had ruled that an inmate's liberty interests are limited to freedom from significant hardship atypical of ordinary incidents of prison life. 515 U.S. at 483-84. The Tenth Circuit then applied *Sandin*'s reasoning to *Cosco*'s allegations of property confiscation, "return[ing] the focus of our due process inquiry from 'the language of a particular regulation' to 'the nature of the deprivation,' " *Cosco*, 195 F.3d at 1223 (quoting *Sandin*, 515 U.S. at 481), and affirmed dismissal of the claims. Plaintiff's assertion that corrections department policies created a property interest "is precisely the methodology rejected by the Supreme

Court in *Sandin.*" *Cosco*, 195 F.3d at 1224. Plaintiff's due process claim will be dismissed.

Nor do Plaintiff's allegations support claims under the "takings," equal protection, cruel and unusual punishment clauses. The factual basis for the "takings" claim is that Plaintiff has not received an inventory receipt for his property and now believes certain of his property is missing from storage. This allegation does not support a claim of taking private property for public use, *Art Neon Co. v. City and County of Denver*, 488 F.2d 118, 120-21 (10th Cir. 1973), nor even for a due process violation. *Parratt v. Taylor*, 451 U.S. 527, 538-39 (1981); *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). The equal protection claim is legally insufficient because the complaint makes no allegation that Plaintiff is a member of a constitutionally protected class or has been denied a fundamental right. Defendant Tafoya's actions, therefore, must only bear a rational relation to a legitimate state purpose. *Penrod v. Zavaras*, No. 95-1364, 1996 WL 479630 (10th Cir. Aug. 26, 1996) (citing *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1119 (10th Cir.1991)). Last, deprivation of "electric appliance property" while in prison simply does not constitute cruel or unusual punishment. *See Lopez v. LeMaster*, 172 F.3d 756 (10th Cir. 1999); *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994). These claims will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED with prejudice; a form of judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE